UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA J. ROSEN., <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY and the KING COUNTY PERSONNEL APPEALS BOARD, <br><br> Defendants. | CASE NO. C07-0352RSM <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on defendant King County Personnel Appeal Board's ("Personnel Board") Motion for Summary Judgment, which asks the Court to dismiss plaintiff's claims against it based upon absolute immunity. (Dkt. #13). Defendant also asks the Court to dismiss plaintiff's request for review of its personnel decision as untimely and otherwise procedurally flawed. Plaintiff argues in response that defendant, as a government agency, is not protected by absolute immunity, and that her request to review the Personnel Board's decision is neither untimely nor procedurally flawed. (Dkt. #15). For the reasons set forth below, the Court disagrees with plaintiff and GRANTS defendant's motion for summary judgment.

## II.  DISCUSSION

ORDER
PAGE - 1

### A. Background

Plaintiff, Sandra Rosen, is a former King County employee. She worked for the HIV/AIDS Epidemiology Program from 1987 through January 3, 2005, most recently as a Program Manager IV. She held that position for approximately two years before she was terminated. Plaintiff alleges that, while employed, she uncovered evidence that her predecessor had made a significant error in how the Federally Negotiated Indirect Rate was being calculated. The effect of the error was a revenue shortfall in all of the grant programs associated with the HIV/AIDS Epidemiology Program. Plaintiff claims that after finding the error and noting that certain programs would need to be "curtailed" due to the budget shortfall, she suffered retaliation by King County Department of Health employees and officials, and was ultimately terminated for no just cause.

Plaintiff filed a grievance objecting to her termination, and appealed to the Personnel Board. Plaintiff was represented by counsel during the appeal process, and the Personnel Board held hearings over several days. On January 10, 2007, the Personnel Board denied her appeal, and affirmed King County's termination action. Plaintiff filed this action in King County Superior Court one month later. Defendants removed the case to this Court, and the instant motion followed.

### B. Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,* 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a

ORDER
PAGE - 2

genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc*., 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747). Furthermore, conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345 (9th Cir. 1995). Similarly, hearsay evidence may not be considered in deciding whether material facts are at issue in summary judgment motions. *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995); *Blair Foods, Inc. v. Ranchers Cotton Oil,* 610 F. 2d 665, 667 (9th Cir. 1980).

### C. Absolute Immunity

Defendant first argues that it has absolute immunity from plaintiff's claims. The Court agrees. The doctrine of absolute judicial immunity extends to officials whose judgments are "functionally comparable" to those of judges. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). "Accordingly, the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Id.* (quoting *Burns v. Reed*, 500 U.S. 478, 500 (1991)). In this case, the function of the Personnel Board is comparable to that of judges. The Board presides over adversarial proceedings in which the former employee and the county employer present

ORDER
PAGE - 3

their respective cases for and against employment termination. None of the members of the board are employees of the county. Four of the five members are appointed by the County Executive and one is selected by anonymous vote of county civil service employees. They are prohibited from having *ex parte* communication with the parties of matters pending before them. The Board bases its decisions on evidence submitted by the parties, and does not conduct any extra-hearing fact finding. During the appeal process, parties are entitled to obtain copies of exhibits and witness lists in advance of a hearing, conduct discovery, present and rebut documentary evidence, subpoena, examine and cross-examine witnesses and appear with or without counsel. Hearings are also recorded. Upon completion of a hearing, the Board provides parties with written decisions on the issues of fact and law that were presented.

Plaintiff's argument that immunity may extend to the individual members, but not to the Board as a government agency, is not persuasive. In *Olsen v. Idaho State Board of Medicine*, the Ninth Circuit Court of Appeals directly addressed that issue. 363 F.3d 916, 923 (9th Cir. 2004) ("We determine whether the protections of absolute immunity are accorded to an agency whose functions are sufficiently similar to the judicial process using the 'functional approach.'"). The court concluded that "*the Board*, the BOPD, its members, professional staff and counsel function in a sufficiently judicial and prosecutorial capacity to entitle them to absolute immunity." *Id.* at 926 (emphasis added). While plaintiff believes that decision has "no substantial basis in law," the authority is controlling in this Court, and the Court may not simply choose to ignore it. Accordingly, the Court finds that defendant is immune from suit under the doctrine of judicial immunity, and dismisses defendant from this case.

### D. Request for Review of Personnel Board Decision

Defendant next argues that plaintiff's request for judicial review of its decision is untimely and should be dismissed.

> There are three potential avenues of appeal from the decision of an administrative agency. First, a specific statute may authorize appeal. . . .

ORDER
PAGE - 4

> Second, any party may obtain review by a statutory writ of certiorari if the agency is "exercising judicial functions". Finally, the courts have inherent constitutional power to review "illegal or manifestly arbitrary and capricious action violative of fundamental rights".

*Pierce County Sheriff v. Civil Serv. Comm.*, 98 Wn.2d 690, 693 (1983) (citations omitted). Plaintiff does not specify in her complaint which type of review she seeks, although it appears that she seeks a constitutional writ, as she argues that the Personnel Board's decision was arbitrary and capricious. Defendant argues that plaintiff could have sought a statutory writ, although such writ is now time barred, and that this matter is not appropriate for a constitutional writ. The Court agrees.

Pursuant to RCW 7.16, *et seq.*, a statutory writ of review was available to plaintiff. Such writs are available when the challenged board decision is quasi-decision. Washington courts have determined that statutory writs are available for appeals from decisions by the Personnel Board. *See King County v. Carter*, 21 Wn. App. 681, 687 (1978); *Vance v. Seattle*, 18 Wn. App. 418, 423 (1977). However, such writ is now time barred because plaintiff failed to file her judicial complaint within the applicable appeal period. King County Code provides that all personnel board decisions are final unless appealed to a court of competent jurisdiction within 14 calendar days. KCC 3.12.290(B). The Personnel Board issued its decision on January 10, 2007. Plaintiff filed her complaint on February 9, 2007 – 30 calendar days later. Plaintiff's untimely filing precludes jurisdiction in this Court. *Deschenes v. King County*, 83 Wn.2d 714, 716 (1974) (explaining that compliance with county code's judicial appeal time limit is jurisdictional); *Teed v. King County*, 36 Wn. App. 635, 641 (1984); *Sterling v. Spokane County*, 31 Wn. App. 467, 471 (1982).

Plaintiff argues that the 14-day deadline is arbitrary and not supported by the King County Charter, and vague as to when the 14-day period is supposed to start running. Plaintiff also argues that any time limitation for appeal should be 30 days after the date of entry of the Personnel Board order, which is the same time period for appealing to the Superior Court from

ORDER
PAGE - 5

an inferior court. Finally, plaintiff argues that the Personnel Board regularly waives or extends its own time limits, and therefore, the appeal time limit should be extended as well. These arguments are not persuasive.

First, the Court does not agree that King County Code 3.12.290(B) is not supported by the King County Charter. Section 540 of the Charter, which establishes the Personnel Board, states that decisions of the Board shall be final unless reviewed by a court of competent jurisdiction. The King County Code simply sets a 14-day period for that review. The Court can find no authority, and plaintiff points to none, holding that the time period is unlawfully arbitrary. Likewise, while plaintiff argues that the appeal period should be the same as the time period for appealing to the Superior Courts, Washington courts have only applied analogous appeal periods when no other appeal period has been prescribed by statue or local ordinance. *See, e.g., Brutsche v. Kent*, 78 Wn. App. 370, 380 (1995) (holding that, "where, as here, there is no other appeal period prescribed by state statute or local ordinance governing the type of [dispute] involved, the appeal must be brought within 30 days of the municipality's or agency's final decision."); *Concerned Organized Women v. City of Arlington*, 69 Wn. App. 209, 215 (1993). Such is not the case here.

Finally, plaintiff's arguments that the time limit should not apply because it is not clear when it begins to run, and because the Board regularly waives or extends its own deadlines, are without merit. Regardless of whether the appeal period began to run when the Board's decision was issued on January 10, 2007, or when plaintiff received the decision, on January 11, 2007, her complaint was filed beyond fourteen days after the later of those dates. Further, the fact that the Board considered a dispositive motion during plaintiff's appeal even though it had been untimely filed, does not mandate that this Court ignore a valid ordinance setting forth a 14-day appeal period. Accordingly, the Court finds that plaintiff is not entitled to a statutory writ of certiorari.

ORDER
PAGE - 6

Nor is plaintiff entitled to a constitutional writ of certiorari. The issuance of a constitutional writ is not a right; rather, it is discretionary with the court. *Saldin Sec. v. Snohomish County*, 134 Wn.2d 288, 304 (1998). As the court affirmed in *Bridle Trails Comty. Club v. City of Bellevue*, "this form of review is rarely granted where a petitioner has failed to take advantage of another avenue of review without an adequate excuse." 45 Wn. App. 248, 254 (1986); *see also Mattson v. Kline*, 47 Wn.2d 538, 540 (1955) (reiterating that, "in the absence of a showing that the remedy by appeal is inadequate, certiorari will not lie to review [an order]."); *Snohomish County v. Shorelines Hearings Bd.*, 108 Wn. App. 781, 785 (2001) ("A writ of review, either constitutional or statutory, will not lie when there is an adequate remedy at law, such as by direct appeal from the final judgment."). Here, the Court finds no adequate excuse for plaintiff's failure to take advantage of the statutory writ available to her with the applicable time limitation. Accordingly, the Court declines to grant plaintiff a constitutional writ.

Finally, to the extent plaintiff argues that 42 U.S.C. § 1983 provides an independent mechanism for reviewing the findings of the Personnel Board, such argument is without merit. Section 1983 is not a proper vehicle for appealing an administrative agency decision. *See Miller v. County of Santa Cruz*, 39 F.3d 1030, 1038 (9th Cir. 1994); *FSK Drug Corp. v. Perale*, 960 F.2d 6, 11 (2d Cir. 1992); *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir. 1985). Therefore, plaintiff's Third Cause of Action – Review of Order Denying Appeal – must be dismissed.

### III. CONCLUSION

Having reviewed defendant's motion for summary judgment, plaintiff's response, defendant's reply, and the remainder of the record, the Court hereby ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. #13) is GRANTED for the reasons set forth above, and plaintiff's Third Cause of Action – Review of Order Denying

1  Appeal is DISMISSED.  Defendant King County Personnel Appeals Board is also DISMISSED
2  as a defendant to this action.
3      (2) This case is NOT CLOSED.  Plaintiff's First and Second Causes of Action remain
4  pending against defendant King County.
5      (3) The Clerk shall send a copy of this Order to all counsel of record.
6  DATED this 19th day of July, 2007.

                                                    RICARDO S. MARTINEZ
                                                    UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8