The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA J. ROSEN,

    Plaintiff,

v.

KING COUNTY, et al.,

    Defendants.

CASE NO. C07-352RAJ

ORDER

    This matter comes before the court on Defendant King County's Motion for Summary Judgment (Dkt. # 27). Defendant asks the court to dismiss Plaintiff's First Amendment claim for failure to state a claim, and to dismiss Plaintiff's 42 U.S.C. § 1983 claim based on the preclusive effect of a previous administrative agency's order and Rosen's failure to state a claim. Plaintiff does not oppose dismissal of the First Amendment claim, but contends that her 42 U.S.C. § 1983 claim is not precluded because of the administrative agency's limited jurisdiction (Dkt. # 31). For the reasons stated below, even assuming that Plaintiff's 42 U.S.C. § 1983 claims are not precluded, Plaintiff has failed to show that the Defendant's actions resulted in the deprivation of any constitutional or federal right. Accordingly, Defendant's motion for summary judgment is GRANTED.

ORDER

## BACKGROUND

Plaintiff Sandra Rosen was a Project/Program Manager IV in the King County Department of Public Health's HIV/Aids Epidemiology Project (the "Program"). As part of her job duties, Rosen managed Program contracts and grants. During the course of her employment, she expressed concern to her supervisors about the way the Program calculated the fixed rate at which grants funded projects. Rosen's supervisors were critical of her job performance in 2003 and 2004. On May 11, 2004, Rosen submitted a written response to her November 2003 and April 30, 2004 performance reviews. On October 31, 2004, Rosen submitted a written response to her October 12, 2004 performance review. She did not receive substantive replies to these responses. Rosen's employment was terminated on January 3, 2005.

Rosen appealed her termination to the King County Personnel Board ("Personnel Board"). After a hearing, the Personnel Board upheld Rosen's termination. Rosen did not appeal the Personnel Board's order, but filed a complaint against King County and the Personnel Board listing three causes of action. First, Rosen alleged that Defendants violated 42 U.S.C. § 1983 by denying her due process. Second, Rosen alleged that Defendants violated her First Amendment rights by terminating her in retaliation for raising concerns regarding the calculation of the grant funding rate. Third, Rosen requested review of the Personnel Board's order denying appeal. Defendants removed the case to federal court. The Honorable Ricardo Martinez, United States District Judge, previously dismissed all claims against the Personnel Board and dismissed Plaintiff's third cause of action as untimely. *See* Judge Martinez's Order Granting Summary Judgment (Dkt. # 20).

ORDER

King County, the remaining defendant, moved for summary judgment on the two remaining causes of action. Because Rosen does not oppose dismissal of her First Amendment claim, the issue before this court is whether summary judgment for King County is appropriate as to the 42 U.S.C. § 1983 claim.

## DISCUSSION

Rosen alleges that King County violated her constitutional rights to procedural due process by (1) failing to respond to the two documents she submitted in response to performance reviews, (2) scheduling the Personnel Board hearing for a series of days more than one year after her termination; and (3) failing to include certain language regarding appeal procedures and assistance programs in her termination letter. King County argues that Rosen's claims should be dismissed because they are precluded by the Personnel Board's unappealed order, as well as because she has failed to state a 42 U.S.C. § 1982 claim, and that it is therefore entitled to judgment as a matter of law.

1. Summary judgment standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

ORDER

2. Preclusion

King County first argues that the Personnel Board's unappealed order has preclusive effect on Rosen's 42 U.S.C. § 1982 claim. An unappealed administrative agency decision precludes relitigation of an issue if it was previously adjudicated by the agency acting in a judicial capacity if the agency resolved disputed issues of fact and the parties had an adequate opportunity to litigate. *Miller v. County of Santa Cruz*, 39 F.2d 1030, 1032-33 (9th Cir. 1994).

Rosen claims that her 42 U.S.C. § 1983 claim in this case is not precluded because she did not have an adequate opportunity to litigate constitutional claims before the Personnel Board, due to the fact that the Personnel Board does not have the authority to adjudicate constitutional claims.

It is true that the Personnel Board has limited jurisdiction, but its order makes clear that Rosen raised at least two of the three due process claims she raises before this court – that King County violated her right to due process by failing to reply to her performance review responses and by failing to provide written notice of the right to appeal and assistance following her termination. In upholding Rosen's termination, the Personnel Board rejected those claims. Rosen now alleges that those procedural defects amount to constitutional deprivations of due process, but this argument merely reframes her Personnel Board claims in a constitutional light. The unappealed Personnel Board order precludes further litigation of these two claims. *See Miller*, 39 F.3d at 1034-35.

ORDER

3. Failure to state a claim

Even if Rosen was not precluded from raising any of her due process claims, all three of her claims are nonetheless dismissed because she has not shown that any of these actions amount to the deprivation of a constitutional or federal right that would give rise to 42 U.S.C. § 1983 liability.  A county is liable under Section 1983 if a county action or policy violates federal law, or if the action or policy was lawful on its face but led a county employee to violate a plaintiff's rights with "deliberate indifference as to its known or obvious consequences." *Pietrafeso v. Lawrence County, S.D.*, 452 F.3d 978, 982 (8th Cir. 2006) (quoting *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 407(1997)) .

As to Rosen's first alleged due process violation, she has not shown that King County's failure to reply to her performance review responses violated federal law or was improper in any way.  King County was not required to reply to Rosen's responses because her responses did not comply with King County Personnel Guidelines Section 15.3.  This section states that if an employee submits a written response to performance reviews within five days of the review's receipt, the division director must meet with the employee within 15 days and provide a written reply.  Rosen did not comply with the five-day requirement, however, and the Personnel Board found that King County was, therefore, not required to issue a written reply to her responses.  Thus, because Rosen cannot show that King County's failure to reply violated any rule or law or deprived her of any right, this failure cannot be the basis of liability under 42 U.S.C. § 1983.

As to Rosen's second alleged due process violation, she has not shown that the delay in her termination review hearing was prejudicial or even unreasonable. She was terminated in January 2005, and the termination review hearing was held

ORDER

over a three-month period 15 months after her termination. Rosen has not shown that the delay affected her ability to present her case or caused the denial of any constitutional right. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985) (holding that the Due Process Clause requires a post-termination hearing "at a meaningful time," but that a plaintiff must show that a hearing was unreasonably prolonged before a delay amounts to a constitutional deprivation). Rosen also failed to timely appeal the Personnel Board's order on this ground. Rosen has not shown that King County has any 42 U.S.C. § 1983 liability based on the scheduling of her termination review hearing.

Lastly, Rosen's third alleged due process violation does not give rise to 42 U.S.C. § 1983 liability. She has not shown that she was deprived of any protected right due to King County's failure to provide her with written notice of her termination appeal rights or to advise her of her right to assistance from the county employee assistance program, as required by King County Code 3.12.270(B) and (D)(6). State or local laws requiring certain procedures create constitutionally protected property interests only if those rules are intended to be a "significant substantive restriction on . . . decision making." *Stiesberg v. State of Cal.*, 80 F.3d 353, 356 (9th Cir. 1996). The King County Code requirements at issue do not amount to a significant restriction on the county's decision-making because they do not have any effect on King County's decision to terminate an employee. Because the code requirements do not substantively limit the County's decision to terminate, Rosen does not have a constitutionally protected property interest in those requirements. *See Stiesberg*, 80 F.3d at 356. Accordingly, Rosen has failed to state a claim under 42 U.S.C. § 1983 based on King County's code violation.

ORDER

## CONCLUSION

Because Rosen has not shown that King County is liable on the 42 U.S.C. § 1983 claim alleged in this matter, Defendant's motion for summary judgment (Dkt. # 27) is GRANTED and Plaintiff's complaint is DISMISSED with prejudice. Because a trial is not necessary, the parties' stipulated motion to extend trial date (Dkt. # 35) is DENIED.

Dated this 5th day of February, 2008.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER